IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                            PLAINTIFF

v.                                 No. 4:03CR00198 GH
                                   [No. 4:05CV00999 GH]

MATILDA MONTEIL-ZARATE                                             DEFENDANT

## ORDER

On March 18, 2004, defendant pled guilty to the indictment charging her with possession with intent to distribute approximately two kilograms of cocaine.  A plea agreement signed by counsel for the government, counsel for defendant, and defendant herself was filed that same date. Defendant was sentenced on July 27, 2004, to 60 months imprisonment in the Bureau of Prisons, 5 years of supervised release and a $100 assessment.

On July 18, 2005, defendant filed a motion, pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct sentence alleging ineffective assistance of counsel.  She asserts that her counsel inadequately informed her of the case as they were not able to communicate since he only spoke English and she only spoke Spanish; that she was wrongfully mislead in the couple of times they were able to understand each other through the translator when counsel advised her to just go along with him as being in her best interest; that he had advised that the plea bargain was for 12 months or just a little over a year, but at sentencing counsel did not object to the 60-month sentence and did not inform her of her rights to appeal; and that she was sentenced "on a higher level 'criminal'" when it was her first offense.

-1-

After receiving an extension of time to have the change of plea proceedings and the sentencing hearing transcribed, the government filed a response on December 12th. It points out that defendant was provided with a certified interpreter to assist her throughout the proceedings and there is nothing in the record to suggest that the interpreter was absent during her meetings with counsel or was deficient in her performance. The government further notes that the transcript shows that defendant said that she had no complaints whatsoever about her lawyer's assistance or the performance of her translator – who was sworn to accurately interpret the proceedings in the defendant's native language – when given the opportunity and is only announcing her difficulty in communicating with her lawyer in a collateral challenge to her sentence nearly a year after the fact. It continues that the record is conclusive that counsel and the Court did everything within their power to address the defendant's language barrier and communication issues.

Turning to the second ground, the government states that it appears that this is an apparent redundancy with the first ground already discussed and that the advice to "go along with him" is not inconsistent with the objectively acceptable standards of professional responsibility. It states that the Court made defendant aware at the time of the entry of her plea that she was facing a potential exposure of at least five years in prison and a maximum of 40 years with a fine up to two million dollars. When defendant was sentenced, the government recommended the low end of the range which was the 60 months minimum term of confinement allowed and she was not fined so the guilty plea which reduced her exposure by 35 years was beneficial to her and the contention that she could receive a 12 month sentence is incredible. It also points out that defendant has not asserted that the advice to plead guilty was not ultimately in her best interest or that she would not have pleaded guilty.

As to the third ground, the government refers to the record which reflects that the Court made defendant aware of her right to appeal her sentence and the clerk would assist with the filing if necessary so that there is no prejudice even if counsel failed to re-iterate her options.  It notes that an objection would not have made a difference to her sentence as it was given at the absolute minimum end of the statutory range and the record indicates that the government had – six weeks prior – withdrawn its intention to move for any sort of downward departure which the plea agreement placed in the sole discretion of the government.

The government counters the fourth ground that it was brought the Court's attention at the sentencing that defendant had not previously committed any relevant offenses, but she was sentenced appropriately within the statutory limits.

The following excerpts from United States v. Ledezma-Rodriguez, 423 F.3d 830, 836 (8th Cir. 2005) are applicable to the legal standards for ineffective assistance of counsel and the arguments presented by defendant:

> "The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense." Id. (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).  More specifically, the petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different.  Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). Therefore, Ledezma must present some credible, non-conclusory evidence that he would have ended up with the benefits of the March plea agreement had his counsel: (1) not filed the motion to withdraw the guilty plea; (2) explained fully the terms of the plea agreement; and (3) expressed to the Government that he was willing to cooperate and facilitated such cooperation.
>
> We begin by addressing Ledezma's claim that both of his attorneys provided ineffective assistance of counsel by failing to explain fully the terms of the March plea agreement.  As an initial matter, we note that there is evidence in the record that both of Ledezma's attorneys went over the terms of the plea agreement with him.  Ledezma stated both in writing and in

open court that Nuñez had reviewed with him and explained the plea agreement.  See <u>Voytik v. United States</u>, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 73, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977), for the proposition that "the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings' ").

Applying those legal standards to the excellent analysis by the government in its response, it is clear that there is no merit to any of defendants' four grounds for relief.  Her counsel's performance regarding the guilty plea and/or sentencing was not deficient nor was there any prejudice to defendant.

Accordingly, defendant's July 18th motion (#37) pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct sentence is hereby denied.

IT IS SO ORDERED this 18th day of January, 2006.


UNITED STATES DISTRICT JUDGE